831 F.2d 926
 ROSEBUD COAL SALES COMPANY, Employer-Petitioner,
v.
Harvey E. WEIGAND, Deceased, Claimant,
and
Director, Office of Workers' Compensation Programs, U.S.
Department of Labor, Party-In-Interest Respondents.
 No. 86-1442.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 28, 1987.
 
 1
 Clifford M. Levy (Phillip J. Myles with him, on the brief), of Scott, Myles & Hanauer, San Diego, Cal., for claimant.
 
 
 2
 John S. Lopatto, III, of Freedman, Levy, Kroll & Simonds, Washington, D.C., for employer-petitioner.
 
 
 3
 Michael J. Rutledge, (George R. Salem, Sol. of Labor, Donald S. Shire, Asst. Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Assistant Counsel for Appellate Litigation, and Donald Feith, on the brief), U.S. Dept. of Labor, Workers' Compensation Programs, Washington, D.C., for party-in-interest respondents.
 
 
 4
 Before MOORE and BALDOCK, Circuit Judges, and BOHANON, District Judge*.
 
 
 5
 BOHANON, District Judge.
 
 
 6
 The petitioner, Rosebud Coal Sales Co. ("Rosebud") appeals from a Benefits Review Board ("BRB") decision affirming an award of benefits to the claimant, Harvey E. Weigand by a U.S. Department of Labor Administrative Law Judge ("ALJ"). Rosebud argues that the ALJ and BRB: (1) incorrectly interpreted the "negative X-ray" rule set out in 30 U.S.C. Sec. 923(b), and (2) failed to apply the correct rebuttal standard under 20 C.F.R. Sec. 727.203(b)(3). We find Rosebud's allegations of error to be without merit and affirm the award of benefits to Weigand.
 
 
 7
 Weigand, born in 1912, worked intermittently in strip mining operations from 1936-1974. During his last thirteen years of employment, he worked primarily as a dragline operator for Rosebud. Until his final two years of employment with Rosebud, he often worked in older draglines with broken windows. The newer machines he operated from 1972-1974 were air conditioned and thus reduced his daily exposure to coal and other dust.
 
 
 8
 Weigand left work in June, 1974, when shortness of breath, which had plagued him since 1965 or 1966, grew so severe that he was unable to perform his work as a dragline operator. Although he gave up cigarettes in 1965, he had a smoking history of one pack per day for 30 years. Weigand died in early 1983 while Rosebud's appeal was pending before the BRB; his surviving spouse is still eligible for benefits under 30 U.S.C. Sec. 932(l).
 
 
 9
 The ALJ determined that Weigand's more than 10 years of coal mine employment and his medical test results, specifically his pulmonary function and arterial blood gas scores, created a rebuttable presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a)(2) and (3). After finding that the presumption had not been rebutted by Rosebud, the ALJ awarded benefits to Weigand. The BRB affirmed the ALJ's Decision and Order.
 
 I.
 
 10
 To establish a rebuttal defense, Rosebud must prove that Weigand's disability "did not arise in whole or in part" from coal mine employment. 20 C.F.R. Sec. 727.203(b)(3). The plaintiff's medical expert, Dr. Douglas Davidson, a specialist in internal medicine, testified that while Weigand's lung condition was possibly caused by smoking rather than coal mining, the condition was aggravated by coal dust.
 
 
 11
 The defendant's medical expert, Dr. Charles Peter Brown, a pulmonary disease specialist, concluded that the claimant's disability resulted entirely from smoking. Brown further testified that negative x-rays formed the basis of his opinion that Weigand's difficulties were not attributable to coal miners' pneumoconiosis. The ALJ ruled that denying the claim on the basis of Dr. Brown's testimony would be a denial based solely on a negative chest x-ray, in violation of 30 U.S.C. Sec. 923(b).
 
 
 12
 In affirming the ALJ's decision, the BRB stated:
 
 
 13
 Because of the Act's prohibition against denying claims solely on the basis of negative x-rays, 30 U.S.C. Sec. 923(b), negative x-ray evidence alone cannot provide a sufficient basis for distinguishing between disability caused by coal mine employment and disability caused by cigarette smoking. Accordingly, the administrative law judge rationally inferred that a finding of rebuttal based on Dr. Brown's causation opinion would, in effect, be an impermissible denial of the claim solely due to a negative x-ray. See generally Peabody Coal Co. v. Benefits Review Board, 560 F.2d 797 (7th Cir.1977).
 
 
 14
 I R.3.
 
 
 15
 Unlike the cases cited in Rosebud's brief, the doctor's distinction between coal dust and cigarette causation factors in this action cannot arguably be based upon anything other than the negative x-ray evidence. Dr. Brown plainly states, "I am unable to say that he has coal miner's pneumoconiosis because of a lack of any findings on his chest x-ray." (II R.75) He clearly testified that the x-ray evidence was "the basis for my opinion as far as the effect of any possible pneumoconiosis" regardless of any changes in Weigand's history of coal dust exposure. (II R.88). After reviewing the record, we hold that the BRB correctly found the ALJ's decision to be supported by substantial evidence and free from legal error. Kaiser Steel Corp. v. Dir. OWCP, 748 F.2d 1426 (10th Cir.1984).
 
 II.
 
 16
 Section 727.203(b)(3) allows an employer to rebut an interim presumption "if the evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." Rosebud asserts that the BRB erred in affirming the ALJ's literal interpretation of the regulation. Rosebud argues that the ALJ and BRB should have recognized rebuttal upon a showing that Weigand's disability did not arise in whole or in significant part out of his coal mine employment. See Borgeson v. Kaiser Steel Corp., 8 BLR 1-312 (1985) (Decision and Order on Reconsideration En Banc ).
 
 
 17
 The "significant part" test is wholly at odds with the decisions rendered by six courts of appeals, including this court, which apply Section 727.203(b)(3) as written, requiring that any relationship between the disability and coal employment be ruled out. Kaiser Steel Corp. v. Director, OWCP (Sena), 757 F.2d 1078, 1083 (10th Cir.1985); Carozza v. U.S. Steel Corp., 727 F.2d 74, 78 (3rd Cir.1984); Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984); Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984) cert. denied 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985); Alabama By-Products v. Killingsworth, 733 F.2d 1511, 1516 n. 10 (11th Cir.1984); Palmer Coking Coal Co. v. Director, OWCP, 720 F.2d 1054, 1058 (9th Cir.1983).
 
 
 18
 Our review reveals that, although the BRB cited Borgeson, the Board applied the "in whole or in part" test recognized by the six courts of appeals. Neither of the two doctors ruled out pneumoconiosis "at least as a contributing cause" of Weigand's disability. Sena, 757 F.2d at 1083. We find no error in the BRB's decision to affirm the ALJ's Findings and Conclusions.
 
 
 19
 AFFIRM.
 
 
 
 *
 Honorable Luther Bohanon, Northern, Eastern and Western Districts of Oklahoma, sitting by designation