956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 KAISER STEEL CORPORATION, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent,
Raymond L. Borgeson, Real Party in Interest.
 No. 90-9552.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1992.
 
 Before MCKAY, and TACHA, Circuit Judges, and BROWN, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Kaiser Steel Corporation (Kaiser Steel) appeals an order of the United States Department of Labor's Benefits Review Board ("the Board") affirming the administrative law judge's (ALJ) Decision and Order on Remand Awarding Benefits, Decision and Order on Motion for Reconsideration, Decision and Order on Employer's Second Request for Reconsideration and Motion to Reopen the Record and the Supplemental Decision, and Order Awarding Attorney's Fees. The Board held that the medical evidence presented by Kaiser Steel--namely the testimony of Dr. Atillio Renzetti--was insufficient as a matter of law to rebut the interim presumption invoked pursuant to 20 C.F.R. § 727.203(a). On appeal, Kaiser Steel contends that the Board erred in holding that Dr. Renzetti's testimony was insufficient to rebut the § 727.203(a) presumption and, in the alternative, that the Board erred by not remanding the case to the ALJ for a new hearing. We exercise jurisdiction under 30 U.S.C. § 932(a), and we affirm the Board's order.
 
 
 3
 When reviewing the ALJ's factual determination that the § 702.203(a) interim presumption was not rebutted, we only inquire whether the ALJ's findings were based on substantial evidence. Kaiser Steel Corp. v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor, 757 F.2d 1078, 1082 (10th Cir.1985).
 
 
 4
 In his Decision and Order on Motion for Reconsideration, dated January 7, 1988, the ALJ "weighed the medical opinions of record" and "decided not to credit Dr. Renzetti's, but instead to credit the opinion of Dr. Wright." The order continued, "Dr. Wright's opinion, being based on 'patient history, symptoms and a physical exam,' constitutes a reasoned medical opinion. See Gomola v. Manor Mining & Contracting Corp., 2 BLR 1-130, 1-133 (1979). After careful consideration, I have determined that Dr. Renzetti's opinion is not entitled to greater weight than Dr. Wright's." Having reviewed the record, we conclude that the ALJ's determination to rely on Dr. Wright's testimony and not to rely on Dr. Renzetti's testimony is supported by substantial evidence.
 
 
 5
 In deciding to award benefits, the ALJ applied a rebuttal standard requiring the employer, Kaiser Steel, to show that there was "no significant relationship" between the claimant's disability and his occupational exposure. In this circuit, we now recognize a more stringent standard for rebuttal under § 727.203(b)(3), requiring the employer to show that the evidence "rule[s] out" "any relationship between the disability and coal employment." Rosebud Coal Sales Co. v. Weigand, 831 F.2d 926, 928 (10th Cir.1987). Because Dr. Renzetti's testimony, weighed in conjunction with other evidence, did not satisfy the less stringent "no significant relationship" standard applied by the ALJ, it certainly would not have satisfied the more stringent standard from Rosebud Coal.
 
 
 6
 Kaiser Steel also argues that because the Board has determined on two occasions in this case to apply a new legal standard for rebuttal under § 727.203(b)(3), it should be afforded a new hearing to present evidence in accordance with the currently recognized standard. At the time of the formal hearing, the ALJ and both parties operated under the assumption that the correct rebuttal standard was determined by the language of § 727.203(b)(3): whether "[t]he evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." Because this standard is substantially the same as the rebuttal standard we applied in Rosebud Coal, we conclude that due process concerns do not mandate a new hearing. See Faries v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor, 909 F.2d 170, 174 (6th Cir.1990).
 
 
 7
 Accordingly, the order of the Board is AFFIRMED.
 
 
 
 *
 The Honorable Wesley E. Brown, District Judge for the United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3