**Margaret TAYLOR, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; Alabama By–Products Corporation, Respondents.**

No. 92–7065.

United States Court of Appeals,
Eleventh Circuit.

March 22, 1994.

Peggy Cook, Richard Ebbinghouse, Birmingham, AL, for petitioner.

Kathleen M. Bole, Marta Kusic, Steven Breeskin, U.S. Dept. of Labor, Office of the Sol., Washington, DC, for respondents.

W. Percy Badham, III, H. Thomas Wells, Jr., Birmingham, AL, Benefits Review Bd., Washington, DC, John Alan Truitt, Maynard, Cooper & Cole, P.C., Birmingham, AL, for Alabama By–Products Corp.

Before KRAVITCH and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

This case, now before this court on appeal for the second time, concerns a claim for

benefits under the Black Lung Benefits Reform Act, 30 U.S.C. §§ 901–945 (1982). The black lung benefit program was initially administered by the Social Security Administration under the auspices of the Department of Health, Education and Welfare, and later by the Department of Labor. During the period of administration by each of these agencies, Congress authorized the adoption of regulations governing the distribution of benefits under the program. The Department of Labor regulations establish an interim presumption that a coal miner is totally disabled due to pneumoconiosis [1] arising out of his employment if he has been engaged in coal mining for 10 years and if the existence of pneumoconiosis is established by either a chest x-ray, ventilator studies, the reasoned medical opinion of a physician, or the affidavit of a survivor with knowledge of the miner's condition. 20 C.F.R. § 727.203. This presumption can be rebutted, however, if the evidence establishes that the disability or death did not arise in whole or in part out of coal mine employment, § 727.203(b)(3), or if the evidence establishes that the miner does not, or did not, have pneumoconiosis, § 727.203(b)(4).

Hillard Taylor worked for Alabama By-Products Corporation as a coal miner for 24 years, until his retirement in 1980. The Labor Department's Office of Worker's Compensation initially found Taylor to be eligible for benefits under the Black Lung Benefits Act. Alabama By-Products contested Taylor's eligibility, and requested a hearing before an administrative law judge. Before the first hearing was held in this matter, Hillard Taylor died. His wife, Margaret Taylor, was substituted as the claimant.

Administrative Law Judge Ronald Osburn ("ALJ I") denied Taylor's claim, finding that although he was due to a presumption of entitlement under the statute, Alabama By-Products had rebutted this presumption by demonstrating that Taylor did not, in fact, have pneumoconiosis, and that his disability was not caused by coal mine employment. 20 C.F.R. § 727.203(b)(3) and (b)(4). On appeal by Taylor to the Benefits Review Board, the Board reversed the findings of ALJ I and determined that because the medical evidence upon which ALJ I relied could not rebut the presumption of pneumoconiosis as a matter of law, Taylor was entitled to benefits. Alabama By-Products appealed that decision to the Eleventh Circuit. In *Taylor v. Alabama By-Products Corp.*, 862 F.2d 1529 (11th Cir.1989), this court held that the Review Board had applied the incorrect legal standard in evaluating the medical opinion of the sole expert relied upon by ALJ I, and remanded the case to the Review Board to reconsider Taylor's claims. On remand, the Review Board reinstated ALJ I's decision, but directed the ALJ to consider entitlement to benefits under a different subsection of the regulations. 20 C.F.R. § 410.-490(b)(1)(ii). The case was reassigned to a second administrative law judge ("ALJ II"), who found that under this second regulatory scheme, the presumption of pneumoconiosis was not rebutted by Alabama By-Products, thus entitling Taylor to benefits. On appeal by Alabama By-Products to the Review Board, the Board reversed the decision rendered by ALJ II, stating that intervening Supreme Court precedent mandated that a claim adjudicated under § 727.203 could not be re-adjudicated under § 410.490 because the two provisions are identical. *See Pauley v. Bethenergy Mines, Inc.*, 501 U.S. 680, 111 S.Ct. 2524, 115 L.Ed.2d 604 (1991).[2] Accordingly, the Board denied Taylor benefits pursuant to the original determination of ALJ I.

## I.

Taylor raises several claims. First, Taylor contends that the Benefit Review Board nev-

---

**1.** Pneumoconiosis has been described as "a chronic chest disease caused by the accumulation of fine coal dust particles in the human lung." *Pauley v. Bethenergy Mines, Inc.*, 501 U.S. 680, ——, 111 S.Ct. 2524, 2527, 115 L.Ed.2d 604 (1991).

**2.** In *Pauley v. Bethenergy Mines,* the Court affirmed the Secretary of Labor's determination that the Labor Department's regulations were no more restrictive than those promulgated by the Department of Health, Education and Welfare. In effect, the Court held that once a claimant is found to be barred from recovery under § 727.-203(b)(3), an administrative law judge is precluded from conferring benefits under § 410.490.

er engaged in any substantive review of the decision of ALJ I to ascertain whether that decision was supported by substantial evidence. Taylor argues that the Board inappropriately interpreted the Eleventh Circuit opinion in *Taylor v. Alabama By–Products, supra,* addressing the narrow question of the proper legal standard to be employed in evaluating medical evidence as a directive to adopt the decision of ALJ I without further review. Taylor argues that remand back to ALJ II without a thorough evaluation of the conclusions of ALJ I was improper. Second, Taylor argues that the decision of ALJ II was supported by substantial evidence but that on appeal to the Review Board, the Board again failed to review for substantial evidence, instead stating that the intervening Supreme Court case, *Pauley v. Bethenergy Mines, Inc., supra,* necessitated the reinstatement of the decision of ALJ I. Taylor suggests that the contradictory conclusions reached by ALJ I and ALJ II required resolution by the Board.

In addressing the instant appeal, it is critical to review not only the complex procedural evolution of this case but also the disposition of substantive issues raised by the parties in earlier appeals to the Review Board and to this court. ALJ I considered medical evidence provided by five physicians who had examined Taylor, and rejected four of these five reports as unsupported by "qualified evidence." Specifically, ALJ I found that several of the chest x-rays were read by qualified technicians as "negative" for pneumoconiosis, and that the pulmonary function test performed by one of the doctors was later determined to be unacceptable by a subsequent examining physician. In addition, ALJ I noted that the death certificate listed as the cause of death cardiopulmonary arrest, severe congestive heart failure and severe renal and hepatic failure, "none of which are caused by or related to coal dust exposure to Mr. Taylor's coal mine employment." ALJ I discredited the opinions of four physicians who advised that notwithstanding the results of negative chest x-rays, Taylor did manifest the symptoms of pneumoconiosis. ALJ I instead credited the opinion of one physician, Dr. Jones, who concluded that Taylor's disability and death were due to his abuse of cigarette smoke. On appeal to the Review Board, Taylor argued, *inter alia,* that in rejecting the medical testimony of four out of five treating physicians, ALJ I failed to adhere to the statutory methodology used to determine whether there has been a valid diagnosis of pneumoconiosis. Without addressing Taylor's arguments, the Review Board reversed ALJ I, stating that Dr. Jones had not determined conclusively that no part of Taylor's disability arose from coal mine employment, as is required to rebut the presumption of pneumoconiosis. *See Black Diamond Coal Mining Co. v. Benefits Review Board,* 758 F.2d 1532 (11th Cir.1985). However, following reversal of the Review Board and remand by this court in *Taylor v. Alabama By–Products Corp.,* 862 F.2d 1529, 1533 (11th Cir.1989), the Board affirmed ALJ I's decision with respect to (b)(3) rebuttal. As stated previously, the Board also remanded to ALJ II for consideration of rebuttal pursuant to (b)(4) and entitlement under § 410.490. Consideration of these distinct provisions was subsequently held to be precluded by *Pauley v. Bethenergy Mines.* As a result, the determination by ALJ II to award benefits under § 410.490 was effectively rendered moot. Because *Pauley v. Bethenergy Mines* precludes our review of all decisions in this case made subsequent to the Review Board's attempt to evaluate Taylor's claim on remand, we therefore confine our analysis of this entire matter to the propriety of the decision of the Review Board in finding (b)(3) rebuttal on the basis of this court's opinion in *Taylor v. Alabama By–Products.*

## II.

In the prior appeal to the Eleventh Circuit, Alabama By–Products had contended that the Board not only exceeded the scope of its authority by substituting its own judgment for that of the ALJ with respect to the medical evidence, but had applied an incorrect legal standard in evaluating Dr. Jones's testimony. Alabama By–Products argued, in essence, that because the wrong legal standard had been used by the Review Board, the Board had improperly found that Dr. Jones's testimony could not have provided the substantial evidence needed to support a

finding of (b)(3) or (b)(4) rebuttal by the ALJ. In *Taylor v. Alabama By–Products,* this court established as the sole question for review whether "the Board erred by applying an improper legal standard to the report of Dr. Jones." In agreement with the argument set forth by Alabama By–Products, we held that "a physician's medical opinion offered to rebut an interim presumption of pneumoconiosis is not required to be expressed in terms of a 'reasonable degree of medical certainty' before that opinion may be considered by an ALJ in rebuttal. Rather, it is sufficient that the doctor's opinion constitutes a 'reasoned medical judgment.'" Concluding that the Review Board had applied an incorrect standard with respect to Dr. Jones's testimony, we went on to remand the case to the Board "to consider the rebuttal evidence of Dr. Jones under the 'reasoned medical judgment' standard." *Id.*

It is important to note that elsewhere in *Taylor v. Alabama By–Products* is the language "[w]e find that the ALJ's finding of (b)(3) rebuttal based on Dr. Jones' report was supported by substantial evidence using the proper legal standard." *Id.* at 1532–33. Based on this sentence alone, the Review Board on remand determined that "[a]s the Court of Appeals held that Dr. Jones' opinion is sufficient to establish rebuttal under the *Raines* standard ... we now reinstate and affirm the administrative law judge's finding that the employer established rebuttal at subsection (b)(3)."[3] The Review Board's interpretation of *Taylor v. Alabama By–Products* as mandating a given result regarding (b)(3) or (b)(4) rebuttal evinces a misreading of the court's opinion. For this reason, we take the opportunity afforded by the instant appeal to clarify our earlier decision.

Although the court in *Taylor v. Alabama By–Products* found that the findings of ALJ I were supported by substantial evidence, the court subsequently discussed the applicable legal standard in evaluating the opinion of a physician in cases involving the Black Lung statute. The holding of the case, which focused on a narrow legal issue regarding medical testimony, is thus readily distinguishable from the language pertaining to the court's findings with respect to ALJ I. The court ultimately remanded the case back to the Review Board for reconsideration of the question of rebuttal of the presumption of pneumoconiosis. The court's earlier statement regarding its finding with respect to the sufficiency of the evidence to support the decision rendered by ALJ I must be construed as dicta in light of the holding of the case which follows, establishing the proper legal standard in evaluating medical opinion testimony, and in light of the decision to remand—a decision wholly inconsistent with a conclusive determination as to the merits of the action. Moreover, the court specifically stated in a footnote that the weight accorded to each piece of evidence by the ALJ "is not within our scope of review." 862 F.2d at 1531 n. 1. The court thus neither set out to resolve the actual merits of this action, nor did it analyze the decision of ALJ I beyond the narrow legal question presented on appeal; that is, the issue of the proper legal standard to apply in evaluating medical opinion evidence on pneumoconiosis. The Review Board's construction of the court's holding as tantamount to a final resolution of the substance of Taylor's claim would essentially expand our jurisdiction beyond that which we explicitly articulated as our basis for review at the outset.

In order to clarify the ambiguity that may have been inherent in our earlier opinion, we hold that in resolving that the Board had used the wrong legal standard in evaluating the medical evidence before ALJ I, this court concluded that—in contrast to the Board's decision that Jones's testimony was insufficient as a matter of law—Jones's testimony *could have been sufficient* had the proper legal standard been employed. This court's remand to the Review Board required that the Board reconsider the medical evidence using this proper legal standard. In other words, the holding of the case established the legal standard to be employed by the Board on remand. The dicta referring to the sufficiency of the evidence before ALJ I suggested that, contrary to what the Board initially concluded, the Jones opinion could—but did

**3.** R3–2.

not necessarily—constitute adequate rebuttal evidence.

By the same token, notwithstanding the fact that the opinion explicitly directed the Board to reconsider Dr. Jones's testimony under the "reasoned medical judgment" standard, the Board failed to look again at this testimony, but rather affirmed ALJ I solely because it construed the Court of Appeals decision as ordering it to do so. This action by the Board manifests a misinterpretation of *Taylor v. Alabama By–Products,* and a failure to do what this court expressly instructed the Board to do. Further, because the Board based its initial decision solely on the question of whether Dr. Jones's testimony could, as a legal question, constitute substantial evidence, and because this was the only question considered by this court on appeal, the Board never considered any other argument advanced by Taylor in her original appeal from ALJ I. In order to provide the Review Board with an opportunity to rectify its misreading of *Taylor v. Alabama By–Products* and to conduct a thorough review of ALJ I as was ordered by this court, we VACATE the most recent decision of the Board and REMAND so that the Board may review Dr. Jones's testimony in light of the legal standard articulated in our earlier opinion, and address any alternate legal arguments proposed by Taylor in her initial objections to the decision rendered by ALJ I.

VACATED AND REMANDED.