**BLACK DIAMOND COAL MINING COMPANY, Petitioner-Appellant,**

v.

**BENEFITS REVIEW BOARD, Respondent-Appellee.**

No. 84–7331.

United States Court of Appeals, Eleventh Circuit.

April 29, 1985.

Peyton Lacy, Jr., Birmingham, Ala., for petitioner-appellant.

Frederick T. Kuykendall, III, Birmingham, Ala., for Raines.

Brian E. Peters, J. Michael O'Neill, U.S. Dept. of Labor, Agnez Kurtz, Clerk, Benefits Review Board, Washington, D.C., for Director O.W.C.P.

Before RONEY and HILL, Circuit Judges, and TUTTLE, Senior Circuit Judge.

RONEY, Circuit Judge:

Under the Black Lung Benefits Reform Act, a coal miner is presumed to be totally disabled due to pneumoconiosis arising out of his employment if he has been engaged in coal mining for 10 years and diagnosed as having a totally disabling respiratory or pulmonary impairment. For the purposes of the Act, pneumoconiosis is defined as a chronic dust disease of the lung arising out of coal mine employment. The employer may rebut the presumption by showing that the disability did not arise in whole or in part out of the coal mine employment, or by establishing that the miner did not have pneumoconiosis. 20 C.F.R. §§ 727.-202, .203(a)(4), .203(b)(3)–(4).[1]

Appealing a decision in favor of the plaintiff-employee, which focused on the above provisions of the law, the employer contends the presumption was erroneously invoked, and, in any event, evidence compels a finding that the presumption was rebutted. We affirm.

Plaintiff Milton Raines, a 35-year veteran of coal mine employment, applied for Black Lung benefits on April 4, 1979 and ceased employment February 22, 1980. The medical evidence in the case consists of x-ray interpretations, reports of pulmonary function studies, blood gas studies and physicians' reports. The Administrative Law Judge invoked the presumption based on the testimony of Dr. David Russakoff, who examined Raines on May 5, 1979. At that time Dr. Russakoff diagnosed severe chronic obstructive pulmonary disease, limited the claimant's daily physical activity to one block of walking or climbing a few stairs and opined that Raines' condition

1. Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended 30 U.S.C.A. § 901 *et seq.*, Black Lung Benefits Reform Act of 1977, P.L. 95–239, and 20 C.F.R. § 727.200 *et. seq.*

was probably due in part to coal mining, although statistically it was more likely due to cigarette smoking. Dr. Russakoff neither explicitly diagnosed nor ruled out pneumoconiosis.

■ Black Diamond contends Dr. Russakoff's opinion did not establish a "totally disabling ... impairment" sufficient to invoke the presumption. 20 C.F.R. § 727.-203(a)(4). It argues that since Dr. Russakoff did no analysis of job content, and placed no limit on lifting or carrying, no evidence of total, work-precluding disability has been presented because claimant could still stand in one place and shovel coal over his shoulder. The claimant is so severely impaired, however, that he cannot walk more than one block or climb one flight of stairs daily, so it is apparent from the record the ALJ could draw an inference from Dr. Russakoff's report that Raines was totally disabled. Physicians need not phrase their medical conclusions in terms of "total disability" in order to establish a presumption sufficient to set out the physical impairments that rule out work. *De Felice v. Consolidated Coal Co.*, 5 Black Lung Rep. 1–275, 1–277 (1982). The ALJ's and Board's decisions that a disabling respiratory or pulmonary ailment existed were wholly supported by Dr. Russakoff's opinion. That a different conclusion might be reached from the same evidence is insufficient reason to overturn the result. *Alabama By-Products v. Killingsworth*, 733 F.2d 1511, 1515–16 (11th Cir.1984).

■ The presumption being invoked, it then became incumbent on the employer to show either that the disability did not arise in whole or in part out of the coal mining, 20 C.F.R. § 727.203(b)(3), or that the claimant did not have pneumoconiosis, 20 C.F.R. § 727.203(b)(4).

As to the latter, Black Diamond argues that it is sufficient for rebuttal that no doctor specifically diagnosed pneumoconiosis. That is not the standard established by the rules. The employer bears the burden of production and persuasion in establishing rebuttal. *Alabama By-Products v. Killingsworth*, 733 F.2d at 1514. Rebuttal requires affirmative proof that pneumoconiosis does not and did not exist, not silence as to whether the miner's severe lung condition is or is not pneumoconiosis.

■ The major thrust of the employer's argument turns on the testimony of Dr. Branscomb. Had Dr. Branscomb's testimony been credited, it might well have constituted sufficient evidence for rebuttal, because it was his opinion that claimant's condition was primarily caused by cigarette smoking and that it was not pneumoconiosis.

The ALJ gave Dr. Branscomb's opinion negligible, if any weight for two reasons: *first,* the ALJ concluded that Dr. Branscomb manifested lack of objectivity, and *second,* the ALJ believed that Dr. Branscomb's views of "total disability standards" were erroneous under the Act, as evidenced by his testimony that "pneumoconiosis does not lower pulmonary function or produce significant symptoms until the category present is at least three." The Benefits Review Board, while not wholly adopting the ALJ's reasons for rejecting this testimony, held that, as a matter of law, Dr. Branscomb's testimony was "hostile to the Act" because he stated that he would not diagnose pneumoconiosis absent positive x-ray evidence that the disease existed. The Act specifically provides that a presumption of pneumoconiosis comes into play even though it cannot be proved by x-ray. Thus the Board could discount the opinion as being inconsistent with the Act. *Nagle v. Barnes & Tucker Co.*, 1 Black Lung Rep. 1–961 (1978).

■ As to proof that the disability "did not arise in whole or in part" out of coal mining, the employer must show that no part of the claimant's disability arose out of mine employment. 20 C.F.R. § 727.-203(b)(3). Even where pneumoconiosis is only a "contributing cause" of claimant's total disability, benefits must be awarded as long as no other ground for rebuttal has been established. *See Alabama By-Products v. Killingsworth*, 733 F.2d at 1516 n. 10. It is quite apparent that Dr. Russakoff

regards pneumoconiosis as at least a contributing cause of claimant's disability.

The Benefits Review Board did not improperly find that Black Diamond failed to rebut the presumption that Milton Raines was totally disabled due to pneumoconiosis arising out of his employment.

AFFIRMED.