802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MELVIN E. WALKER, Petitioner
v.
CONSOLIDATION COAL COMPANY, Employer-Respondent.
BENEFITS REVIEW BOARD, Respondent.
 No. 85-3619.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1986.
 
 BEFORE: LIVELY, Chief Judge; and MILBURN, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner-claimant appeals from a decision of the Benefits Review Board of the Department of Labor affirming a decision of an Administrative Law Judge ("the ALJ") denying benefits to petitioner under the Black Lung Benefits Act ("the Act"), 30 U.S.C. Sec. 901 et seq. The issue presented is whether there is substantial evidence to support the ALJ's finding that Consolidation Coal Company ("Consolidation") successfully rebutted petitioner's "interim presumption" of pneumoconiosis. For the reasons that follow, we reverse.
 
 I.
 
 2
 Petitioner, a seventy-two year old former coal miner, was employed by Consolidation intermittently from 1941 until his retirement in 1976. Petitioner's claim for black lung benefits, filed October 2, 1973, was denied by the Department of Labor on March 23, 1977. However, the Department of Labor, upon reconsideration, approved petitioner's claim and designated Consolidation the responsible operator. Consolidation contested the claim, and a formal hearing was held on October 15, 1981.
 
 
 3
 The medical evidence before the ALJ included six chest X-ray readings, the results of three pulmonary function studies, the results of one blood gas study, and three medical reports. The ALJ, relying on the results of Dr. Grodner's pulmonary function study, found that petitioner qualified for the "interim presumption" of pneumoconiosis under 20 C.F.R. Sec. 727.203(a)(2) The ALJ went on to find, however, that the presumption had been rebutted under 20 C.F.R. Sec. 727.203(b)(4) by the three medical reports. Although all three reports stated that petitioner did not suffer from pneumoconiosis, two of the reports diagnosed petitioner as suffering from chronic lung disease. The third report indicated that petitioner may have chronic bronchitis. None of the medical reports identified the etiology of petitioner's chronic lung disease nor did any of the reports rule out a connection between petitioner's respiratory impairment and his coal mine employment.
 
 II.
 
 4
 Petitioner argues that the ALJ erred in finding that Consolidation successfully rebutted the interim presumption of total disability due to pneumoconiosis. Our review is limited to a determination of whether the ALJ's finding of rebuttal is supported by substantial evidence and in accordance with law. See Kolesar v. Youghiogheny and Coal Co., 760 F.2d 728, 729 (6th Cir. 1985) (per curiam); see also Alabama By-Products v. Killingsworth, 733 F.2d 1511, 1515 (11th Cir. 1984); Underhill v. Peabody Coal Co., 687 F.2d 217, 222 (7th Cir. 1982). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 5
 The Act defines pneumoconiosis as "a chronic chest disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 30 U.S.C. Sec. 902(b). Administrative regulations, promulgated pursuant to the Act, provide an expanded definition of pneumoconiosis.
 
 
 6
 For the purposes of the act, "pneumoconiosis" means a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment. This definition includes, but is not limited to, coal workers' pneumoconiosis, anthracosilicosis, anthra- cosisanthro-silicosis, massive pulmonary fibrosis, progressive massive pulmonary fibrosis, progressive massive silicosis, or silicotuberculosis arising out of coal mine employment. For purposes of this definition, a disease "arising out of coal mine employment" includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or aggravated by, dust exposure and coal mine employment.
 
 
 7
 20 C.F.R. Sec. 727.202. Thus, pneumoconiosis, as defined by the statute and regulations, embraces coal workers' pneumoconiosis, as that term is used in the medical profession (medical or clinical pneumoconiosis), and other respiratory or pulmonary impairments arising out of coal mine employment (statutory pneumoconiosis). See Pavesi v. Director, Office of Workers' Compensation Programs, 758 F.2d 956, 965 (3d Cir. 1985); Underhill, 687 F.2d at 223 n.10.
 
 
 8
 Administrative regulations, promulgated pursuant to the Act, also establish an "interim presumption" of total disability due to pneumoconiosis. 20 C.F.R. Sec. 727.203(a). The "interim presumption" provides that "[a] miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis" if one of several requirements is satisfied including "[v]entilatory studies establish[ing] the presence of a chronic respiratory or pulmonary disease." 20 C.F.R. Sec. 727.203(a)(2). The "interim presumption" may be rebutted by any of four methods including "evidence establish[ing] that the miner does not, or did not, have pneumoconiosis." 20 C.F.R. Sec. 727.203(b)(4). On rebuttal, the burden of persuasion shifts to the opposing party. Stapelton v. Westmoreland Coal Co., 785 F.2d 424, 435 (4th Cir. 1986) (en banc); Kaiser Steel Corp. v. Director, Office of Workers' Compensation, 757 F.2d 1078, 1082 (10th Cir. 1985); Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir. 1984), cert. denied, 105 S. Ct. 2357 (1985); Alabama By-Products, 733 F.2d at 1514. But see Underhill, 687 F.2d at 222 (effect of "interim presumption" is to shift burden of going forward to opposing party).
 
 
 9
 In order to accomplish rebuttal under 20 C.F.R. Sec. 727.203(b)(4), Consolidation would have had to prove, by a preponderance of the evidence, not only that petitioner does not suffer from medical or clinical pneumoconiosis but also that petitioner does not suffer from statutory pneumoconiosis. See Pavesi, 758 F.2d at 965. The record before us does not, however, contain any evidence establishing that petitioner's chronic lung disease did not arise out of his coal mine employment. The failure of the examining physicians to identify the etiology of petitioner's respiratory impairment is insufficient to accomplish rebuttal. See Black Diamond Coal Mining Co. v. Benefits Review Board, 758 F.2d 1532, 1534 (11th Cir. 1985) (rebuttal requires affirmative proof that pneumoconiosis does not exist).
 
 III.
 
 10
 Accordingly, the decision of the Board is REVERSED, and the case is REMANDED to the Director of Workers' Compensation Programs for the award of benefits.