**William THOMAS, Petitioner,**

v.

**UNITED STATES STEEL CORP. and the Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 87–7595
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 22, 1988.

Cooper, Mitch, Crawford & Kuykendall, Patricia Guthrie Fraley, Birmingham, Ala., for petitioner.

Michael J. Rutledge and Sylvia Kaser, U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for OWCP.

Robert C. Jones, USX Corp., Pittsburgh, Pa., for USX.

Before KRAVITCH, JOHNSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Petitioner William Thomas appeals the Benefit Review Board's (BRB) affirmance of the Administrative Law Judge's (ALJ) determination that he is not entitled to black lung benefits. Because the ALJ applied the incorrect legal standard in evaluating the evidence according to the rebuttal provisions of 20 CFR sec. 727.203(b)(3), we vacate the decision and remand for consideration under the correct standard.

Petitioner Thomas filed a claim for black lung benefits in 1975. After a complete administrative hearing, the first ALJ to deal with the matter awarded Thomas benefits in 1981. United States Steel Corp. (USSC), respondent here and the coal mine operator that had employed Thomas for twenty-eight years and that is responsible for payment of benefits, appealed the ALJ decision to the BRB. The BRB remanded for further consideration of the evidence under regulatory rebuttal provisions. 20 CFR secs. 727.203(b)(2) and (3).

A new administrative hearing was conducted because of the death of the initial ALJ responsible for the case. The second ALJ in charge of the matter denied benefits. For purposes of section 727.203(b)(3) analysis, the ALJ applied the "significant relationship" test and found that the employer, USSC, had shown that there was no significant relationship between the former miner's disability and his occupational exposure. The BRB affirmed the ALJ's denial of benefits. On appeal petitioner challenges the ALJ's use of the "significant relationship" standard as being incorrect in light of this court's decision in *Black Diamond Coal Mining Co. v. Benefits Review Board*, 758 F.2d 1532 (11th Cir.1985).

In reviewing BRB decisions, a court of appeals has a limited function: it must determine whether the correct legal standards have been applied and whether the BRB has shown the proper deference to the ALJ's factual findings. *See Avondale Shipyards, Inc. v. Vinson*, 623 F.2d 1117, 1119 n. 1 (5th Cir.1980). In the present case, we determine that the ALJ applied the incorrect legal standard under section 727.203(b)(3).

This Court has interpreted the language of 20 CFR sec. 727.203(b)(3) [1] to mean that "the employer must show that *no part of* the claimant's disability arose out of mine

---

1. The pertinent section reads:

(b) *Rebuttal of interim presumption.* In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section [total disability due to pneumoconiosis arising out of coal mine employment] shall be rebutted if:

(3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment;

20 CFR sec. 727.203(b)(3).

employment.... Even where pneumoconiosis is only a 'contributing cause' of claimant's total disability, benefits must be awarded as long as no other ground for rebuttal has been established." *Black Diamond*, 758 F.2d at 1534. This view is in accord with the opinion of other circuits on the question. *See Carozza v. United States Steel Corp.*, 727 F.2d 74, 78 (3d Cir.1984); *Bethlehem Mines Corp. v. Massey*, 736 F.2d 120, 123 (4th Cir.1984); *Gibas v. Saginaw Mining Co.*, 748 F.2d 1112, 1120 (6th Cir.1984), *cert. denied*, 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985); *Consolidated Coal Co. v. Smith*, 837 F.2d 321 (8th Cir.1988); *Palmer Coking Coal Co. v. Director, Office of Workers' Compensation Programs*, 720 F.2d 1054, 1058 (9th Cir.1983); *Rosebud Coal Sales Co. v. Weigand*, 831 F.2d 926, 928–29 (10th Cir. 1987) ("The 'significant part' test is wholly at odds with the decisions rendered by six courts of appeals ... which apply Section 727.203(b)(3) as written, requiring that any relationship between the disability and coal employment be ruled out.").

There is conflicting evidence in the record as to whether petitioner Thomas suffers from occupational-related pneumoconiosis. Applying the "significant relationship" test, the ALJ at the second administrative hearing held that "there is not a significant relationship between Claimant's total disability and his occupational exposure." Under the appropriate test, the ALJ must determine whether occupational exposure contributed in *any* way to Thomas's disability. For this reason, we reverse the BRB order and remand this case for consideration under the proper standard. *See New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d 1031, 1041 (5th Cir. Unit A 1981).

For the above reasons, we VACATE and REMAND for further consideration in light of this opinion.