976 F.2d 726
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Calvin LAWSON, Petitioner,
v.
WESTMORELAND COAL COMPANY, INCORPORATED; Director, Office
of Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 91-1243.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 19, 1992
Decided: September 29, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (88-4139-BLA)
 Calvin Lawson, Petitioner Pro Se.
 Barbara J. Johnson, Russell Alan Shultis, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Ann Brannon Rembrandt, JACKSON & KELLY, Charleston, West Virginia, for Respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before WIDENER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Calvin Lawson seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's denial of black lung benefits pursuant to 30 U.S.C. §§ 901-945. We vacate the order of the Board and remand for further proceedings.[1]
 
 
 2
 We may only affirm the Board's decision on the grounds advanced by the Board. SEC v. Chenery Corp., 318 U.S. 80, 88 (1943). Because the Board relied on improper grounds for its decision, we must vacate the Board's decision and remand the case for re-evaluation of the claim under the proper standard.
 
 
 3
 The ALJ found that Lawson had established the existence of pneumoconiosis pursuant to 20 C.F.R. # 8E8E # 718.202(a)(1) and 718.202(a)(4), so that subject is not subject to re-examination. However, the ALJ found that Lawson failed to establish total disability as required in 20 C.F.R. § 718.204(c). Based on this finding, the ALJ denied benefits. The Board affirmed the decision.
 
 
 4
 Under 20 C.F.R. § 718, a claimant may establish total disability by means of (1) pulmonary function tests, (2) arterial blood gas tests, (3) evidence of cor pulmonale with right sided congestive heart failure, or (4) a physician's medical opinion. 20 C.F.R.s 718.204(c). The pulmonary function and arterial blood gas tests did not produce qualifying values under the regulations. No evidence was presented as to cor pulmonale. Therefore, the only basis upon which total disability could be found was by a medical opinion. To establish disability under the medical opinion option, a physician must conclude, based on his exercise of reasoned medical judgment and utilization of medically accepted clinical and laboratory techniques, that the miner's respiratory or pulmonary condition prevents the miner from engaging in his usual coal mine work or work in the immediate area of his residence, requiring comparable skills. 20 C.F.R. §§ 718.204(c)(4) and 718.204(b).
 
 
 5
 Three physicians submitted reports on the issue of total disability. Dr. Fonseca found "[p]ulmonary impairment as a result of coal dust exposure and tobacco abuse for many years resulting in moderate severe COPD [chronic obstructive pulmonary disease] with possible underlying cwp [coal workers' pneumoconiosis] which definite [sic] has impaired this patient's ability to pull an 8 hour shift of work."[2] The other two physicians, Drs. Robinette and Endres-Bercher, found no evidence of any respiratory or pulmonary impairment.
 
 
 6
 The ALJ rejected Dr. Fonseca's report because "Dr. Fonseca did not state that the miner is completely unable to engage in heavy labor" and "the record does not indicate whether Dr. Fonseca's conclusions are based on objective data." Based on these findings, the ALJ found that Lawson failed to establish that he is totally disabled due to pneumoconiosis and, accordingly, denied Lawson's claim for benefits.
 
 
 7
 On appeal, the Board affirmed the ALJ's decision on the ground that Dr. Fonseca's opinion "was found not to be supported by the objective evidence." Thus it did not ever consider whether the various opinions of physicians were contradictory. We are of opinion the Board erred in determining that Dr. Fonseca's opinion was not adequately supported. Dr. Fonseca's opinion is contained in a three-page single spaced letter that includes detailed results of a physical examination and other pertinent information. The regulations require that the physician's opinion be "based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R.s 718.204(c)(4). Dr. Fonseca's opinion meets that required criteria. Therefore, we are of opinion that Dr. Fonseca's medical opinion was entitled to consideration by the ALJ and the Board. We vacate the Board's decision and remand for consideration of the issue of whether the evidence, including Dr. Fonseca's opinion, establishes total disability under 20 C.F.R. § 718.204(c)(4).
 
 
 8
 In addition, we are of opinion that Dr. Fonseca's opinion that Lawson's respiratory disease "impaired [his] ability to pull an 8 hour shift of work" is sufficient, if credited, to establish total disability. Physicians need not phrase their medical conclusions in terms of "total disability." Cf. Black Diamond Coal Mining Co. v. Benefits Review Board, 758 F.2d 1532, 1534 (11th Cir. 1985). The ALJ erroneously rejected Dr. Fonseca's opinion based on the ALJ's view that the doctor was required to state that Lawson was "completely unable to engage in heavy labor." See 758 F.2d at 1534 (Doctor's opinion that claimant was limited to one block of walking per day was sufficient fact from which ALJ could infer total disability. Fact that doctor placed no limit on lifting or carrying did not preclude finding of total disability.) The Board erred in not reversing the ALJ for applying the wrong standard in its evaluation of Dr. Fonseca's medical opinion.
 
 
 9
 The Board relied on improper grounds in affirming the ALJ's denial of Lawson's claim for benefits. Therefore, we vacate the decision of the Board and remand, which includes further remand to an ALJ, if appropriate, for reconsideration of Lawson's claim under the proper standard.
 
 VACATED AND REMANDED
 
 
 [1]
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process
 
 
 [2]
 Lawson had quit smoking some 18 years prior to this case