983 F.2d 1059
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
USX CORPORATION, Petitioner,
v.
Edessel TUDOR; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 92-1637.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 4, 1992
Decided: January 15, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (89-2660-BLA)
 Howard Gerald Salisbury, Jr., Kay, Casto, Chaney, Love & Wise, Charleston West Virginia, for Petitioner.
 George D. Blizzard, II, Edward L. Bullman, Shaffer & Shaffer, Madison, West Virginia; Marshall J. Breger, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, Gary K. Stearman, United States Department of Labor, Washington, D.C., for Respondents.
 Ben. Rev. Bd.
 Affirmed.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 USX Corporation ("USX") appeals from a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision awarding black lung benefits on a claim filed by Edessel Tudor, a former coal miner. On appeal, USX contends that the ALJ committed error by finding that Tudor established a totally disabling respiratory impairment due to pneumoconiosis. We find no merit to USX's contentions and affirm the decision of the Board.
 
 
 2
 Initially, we note that USX raises no serious issue regarding the presence of pneumoconiosis in Tudor, and we agree with the Board that USX waived this issue by failing to identify any specific error committed by the ALJ in finding pneumoconiosis. We also agree with the Board that USX's contentions regarding the alleged findings of the West Virginia Occupational Pneumoconiosis Board are of no use in this case since neither the standards relied upon nor the findings of the Board are in the record.*
 
 
 3
 The crux of this case is whether the medical opinion evidence was sufficient to permit the ALJ to infer the existence of a totally disabling respiratory or pulmonary impairment. USX contends that the evidence is insufficient because Drs. Cardona and Kayi, whom the ALJ relied upon in finding a totally disabling respiratory impairment, both found the miner disabled based on his pulmonary problems in combination with his other medical problems rather than his pulmonary problems alone. The ALJ specifically rejected this notion, finding that the findings of Drs. Cardona and Kayi permitted the inference that Tudor's pulmonary problems, alone, were totally disabling. We agree.
 
 
 4
 An ALJ may infer total disability through a comparison of a miner's physical limitations and the exertional requirements of his job. See Poole v. Freeman United Coal Mining Co., 897 F.2d 888 (7th Cir. 1990); Black Diamond Coal Mining Co. v. Benefits Review Bd., 758 F.2d 1532 (11th Cir. 1985). Tudor testified that his work as a longwaller required him to set and pull jacks along a five-hundred foot face. The jacks he set provided a temporary roof for the mine while a machine cut the coal. Tudor was also responsible for pulling the jacks up, at which time the roof would collapse.
 
 
 5
 Both Drs. Cardona and Kayi commented on the severe nature of Tudor's respiratory impairment. Dr. Cardona noted that Tudor experienced severe respiratory distress when walking more than onehundred feet on level ground at a slow pace, after walking slowly up a gentle grade for twenty feet, or when ascending more than one to two single steps. He found that Tudor "becomes short of breath by merely performing the simple maneuvers required for physical examinations."
 
 
 6
 Similarly, Dr Kayi noted that Tudor experienced shortness of breath after walking only a few feet, and during his examination observed that Tudor experienced mild shortness of breath at rest, and had difficulty even taking a deep breath. Dr. Kayi also men tioned that a pulmonary function study revealed moderate to severe restrictive lung disease. We agree with the statement of the Director, Office of Workers' Compensation Programs ("Director") that
 
 
 7
 [i]t is difficult to imagine an individual, who is short of breath at rest and while undergoing 'limited maneuvers' on physical examination, and who cannot even take a'deep breath,' working the five hundred foot face, pulling jacks and avoiding a collapsing roof.
 
 
 8
 Accordingly, we find that substantial evidence supports the ALJ's determination that the medical evidence in this case supports the inference that Tudor has a totally disabling respiratory impairment. We reject USX's contention that the evidence was also insufficient to show that pneumoconiosis contributed to Tudor's disabling respiratory impairment, since all three physicians of record who addressed the issue found an affirmative causal connection.
 
 
 9
 The decision of the Board is therefore affirmed. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Moreover, even if we reviewed this claim, we note that the X-ray evidence was sufficient to support the findings of the ALJ and the Board