[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13019
Non-Argument Calendar
_____

Agency No. 12-0503-BLA


OAK GROVE RESOURCES, LLC,

                                                                    Petitioner,

versus

DIRECTOR, OWCP,
BERNARD COOK, JR.,

                                                                    Respondents.


_____

Petition for Review of a Decision of the
Department of Labor
_____

(April 3, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

        Oak Grove Resources, LLC, appeals a decision that affirmed an award of

benefits for Bernard Cook Jr., under the Black Lung Benefits Act.  See 30 U.S.C.

§ 901(a).  Oak Grove argues that Cook was not entitled to the statutory presumption of total disability due to pneumoconiosis; that the administrative law judge should have admitted the interpretation of an x-ray by Dr. Scott Loveless; and that Oak Grove rebutted the presumption that Cook was totally disabled.  We affirm.

Substantial evidence supports the finding that Cook was entitled to a presumption of total disability attributable to pneumoconiosis.  A worker is entitled to a presumption that he is totally disabled if he worked in underground mines at least 15 years and proves that he has a totally disabling respiratory impairment. See Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010); 30 U.S.C. § 921(c)(4). Oak Grove did not dispute that Cook had worked in underground mines for 16 years, and the administrative law judge was entitled to find that Cook was totally disabled based on two pulmonary function tests in June 2009 and February 2010 that revealed he had disabling respiratory impairments.  See 20 C.F.R. § 718.204(b)(2)(i).  The technician who administered the February 2010 test reported, as he was required to do, see id. § 718.103(b)(5), that Cook's cooperation was "inconsistent" and "poor," and the administrative law judge considered Cook's behavior in deciding whether to credit the results of the test.  See id. § 718 App. B. ("If it is established that one or more standards have not been met, the claims adjudicator may consider such fact in determining the evidentiary weight to be

2

given to the results of the ventilatory function tests."). "We do not question the weight accorded . . . [the February 2010 test] by the ALJ, for such is not within our scope of review." Taylor v. Ala. By–Products Corp., 862 F.2d 1529, 1531 n.1 (11th Cir. 1989).

Dr. Phillip O'Reilly opined that the June 2009 test showed a "severe restriction" and that Cook was "50 [to] 75% impaired," but O'Reilly's opinion did not constitute "contrary probative evidence" to negate the test, 20 C.F.R. § 718.204(b)(2). O'Reilly did not dispute the validity of the June 2009 test, see Lollar v. Ala. By-Products Corp., 893 F.2d 1258, 1267 (11th Cir. 1990), or address whether Cook could resume work as a coal miner or engage in comparable work, see 20 C.F.R. § 718.204(b)(2)(iv). O'Reilly determined that the results of an arterial blood gas study performed in June 2009 were normal, but that test result did "not, by itself, negate" the finding that Cook suffered from a totally disabling respiratory impairment, see Lollar, 893 F.2d at 1266.

Oak Grove argues that the administrative law judge should have admitted Dr. Loveless's reading of an x-ray as showing no pneumoconiosis because it was a "record of Cook's medical treatment" or, alternatively, because it was necessary to understand the medical notes of Cook's pulmonary specialist, but we decline to consider arguments that Oak Grove failed to exhaust during the administrative proceedings. Under the Black Lung Benefits Act, "in the absence of good cause,"

3

20 C.F.R. § 725.456(b)(1), a party may not introduce more than "two chest x-ray interpretations . . . in support of [its] affirmative case," id. § 725.414(a)(2)(i), (a)(3)(i), "one physician's interpretation of each chest x-ray . . . in rebuttal of the case presented by the opposing party," id. § 725.414(a)(2)(ii), (a)(3)(ii), and "any record of . . . medical treatment for a respiratory or pulmonary or related disease," id. § 725.414(a)(4). During the proceedings before the administrative law judge, Oak Grove submitted Loveless's reading "in rebuttal of [Cook's] case" and, alternatively, "in support of [its] affirmative case." Oak Grove argued in its petition to the Benefits Review Board that there was "good cause" to admit Loveless's reading to understand the notes of Cook's pulmonary specialist, but the Board declined to consider the argument because it had not been presented to the administrative law judge. See Del Monte Fresh Produce v. Dir., OWCP, 563 F.3d 1216, 1223 (11th Cir. 2009). We also will not consider arguments that Oak Grove never presented to the administrative law judge. See Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor v. Drummond Coal Co., 831 F.2d 240, 243 (11th Cir. 1987) (quoting Taft v. Ala. By-Products Corp., 733 F.2d 1518, 1523 (11th Cir. 1984)).

Substantial evidence also supports the finding that Oak Grove failed to rebut the presumption that Cook was totally disabled. An employer can rebut the presumption by proving either that the miner did not suffer from legal or clinical

4

pneumoconiosis or that the miner's totally disabling impairment is unrelated to his pneumoconiosis.  30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(d).  Oak Grove contends that the administrative law judge erroneously disregarded two computed tomography scans as proof that Cook did not suffer from pneumoconiosis, but Oak Grove failed to establish that the scans were "medically acceptable test[s] or procedure[s]" that warranted consideration, 20 C.F.R. § 718. 107(a).  Even if we were to assume that the administrative law judge erred in failing to consider the scans, any error was harmless because the interpretations of the scans did not mention pneumoconiosis.  "Rebuttal requires affirmative proof that pneumoconiosis does not and did not exist, not silence as to whether the miner's severe lung condition is or is not pneumoconiosis."  Black Diamond Coal Mining Co. v. Benefits Review Bd., 758 F.2d 1532, 1534 (11th Cir. 1985).  And Oak Grove did not challenge the finding that it failed to prove that Cook's impairment was unrelated to his pneumoconiosis; Oak Grove instead argued to the Board that Cook did not have pneumoconiosis.  The Board was not obliged to review a finding about causation not disputed by Oak Grove.  See Del Monte, 563 F.3d at 1223.

We **AFFIRM** the decision to award benefits to Cook.

5