[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13804
Non-Argument Calendar
_____

Agency No. BRB 14-0382 BLA


CHEVRON MINING, INC.,

Petitioner,

versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,
HENRY CHERRY,

Respondents.

_____

Petition for Review of a Decision of the
Benefits Review Board
_____

(June 21, 2016)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.


PER CURIAM:


Chevron Mining, Inc. petitions for review of the Benefit Review Board's decision affirming the administrative law judge's ("ALJ's") award of benefits to Henry Cherry, III ("Claimant"), under the Black Lung Benefits Act, 30 U.S.C. § 901 et. seq. ("Act").  We deny the petition.

In a petition for review under the Act, we review a decision by the ALJ under a deferential standard, determining only whether the ALJ's decision is in accordance with the law and is supported by substantial evidence in the light of the entire record.  Pittsburg & Midway Coal Mining Co. v. Dir., OWCP, 508 F.3d 975, 980 (11th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.

The Act provides benefits to miners who are totally disabled due to coal workers' pneumoconiosis.  30 U.S.C. § 901(a).  Pneumoconiosis is "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment."  20 C.F.R. § 718.201(a).  This definition encompasses both "clinical" and "legal" pneumoconiosis.  Id.  "Clinical pneumoconiosis" includes "those diseases recognized by the medical community

2

as pneumoconioses," including, among other things, coal workers' pneumoconiosis.  Id. § 718.201(a)(1).  "Legal pneumoconiosis" means "any chronic lung disease or impairment and its sequelae arising out of coal mine employment" including, but "not limited to, any chronic restrictive or obstructive pulmonary disease arising out of coal mine employment."  Id. § 718.201(a)(2).

A miner is presumed to be totally disabled due to pneumoconiosis if he (1) worked in an underground coal mine for 15 years or more and (2) suffers from a totally disabling respiratory or pulmonary impairment.  20 C.F.R. § 718.305(b)(1), (c).  Once a miner demonstrates total disability and invokes the 15-year presumption, the burden shifts to the employer to rebut the presumption by proving either (1) that the miner suffers no legal or clinical pneumoconiosis or (2) that the miner's totally disabling impairment is wholly unrelated to his pneumoconiosis. Id. § 718.305(d).

That Claimant meets the criteria for eligibility under the 15-year presumption is undisputed.  The issue in this appeal is on whether substantial evidence supports the ALJ's determination that Chevron failed to rebut the presumption.

In a detailed written order granting Claimant benefits, the ALJ described the contents of Claimant's medical records and the medical opinions of several doctors.  Based on this evidence, the ALJ first determined that Claimant had no

clinical pneumoconiosis.  Applying the 15-year presumption, however, the ALJ concluded that Chevron failed to satisfy its burden of demonstrating that Claimant suffered from no legal pneumoconiosis.  About causation, the ALJ noted that, where a miner is found to have legal pneumoconiosis, the ALJ need not determine separately whether the disease "arose out of" the miner's coal mine employment.

To rebut the regulatory presumption that a miner has pneumoconiosis, the employer must present "affirmative proof that pneumoconiosis does not and did not exist": mere silence or the absence of an express diagnosis of pneumoconiosis is not enough.  Black Diamond Coal Mining Co. v. Benefits Review Rd., 758 F.2d 1532, 1534 (11th Cir. 1985) (discussing rebuttal of interim entitlement presumption under 20 C.F.R. § 727.203(b)(4)).  To rebut the presumption on causal grounds, "the employer must show that no part of the claimant's disability arose out of mine employment." Id.  Thus, "[e]ven where pneumoconiosis is only a 'contributing cause' of claimant's total disability, benefits must be awarded as long as no other ground for rebuttal has been established." Id.

As an initial matter, Chevron urges this Court to consider whether the preponderance of the evidence in this case demonstrates the existence of Claimant's pneumoconiosis.  The scope of our review, however, is limited to whether the ALJ's decision is supported by substantial evidence on the record. The weight to be afforded the evidence is a matter within the ALJ's discretion; and

4

we are precluded from reweighing the evidence.  See Bradberry v. Dir., OWCP, 117 F.3d 1361, 1367 (11th Cir. 1997) ("The ALJ is responsible for making credibility determinations and for weighing conflicting evidence"); Vintson v. Califano, 592 F.2d 1353, 1357 (5th Cir. 1979) (when reviewing for substantial evidence, "[i]t is not the task of a reviewing court to reweigh the evidence").

On this record, we conclude that substantial evidence supports the ALJ's determination that Chevron failed to satisfy its burden of rebutting the 15-year presumption.  Chevron has identified no "affirmative proof" that Claimant's respiratory condition does not qualify as a chronic lung disease arising out of his coal mine employment: that is, legal pneumoconiosis.  That Claimant has never been diagnosed formally with pneumoconiosis, in and of itself, is insufficient rebuttal evidence.  See Black Diamond Coal Mining Co., 758 F.2d at 1534.

Although Dr. Lipscomb and Dr. Bailey opined that Claimant suffered no coal workers' pneumoconiosis, each doctor based his or her opinion largely on Claimant's negative chest x-rays and CT scans.  As a result, the ALJ noted correctly that Dr. Lipscomb's and Dr. Bailey's opinions were limited to whether Claimant had clinical pneumoconiosis and failed to address -- and, thus, to rebut -- the issue of legal pneumoconiosis.  And substantial evidence supports the ALJ's finding that Dr. Bailey's opinion was incomplete and unclear in the light of Dr. Bailey's reliance on negative x-rays, and on inaccurate information about

5

Claimant's lung resection.  See 20 C.F.R. § 718.202(a)(4) ("notwithstanding a negative X-ray," a physician may find, based on sound medical judgment, that a miner suffers from pneumoconiosis).

The ALJ also acted in a reasoned manner in giving little weight to Dr. Goldstein's opinion that Claimant's condition was "consistent with" Claimant's smoking history and lung surgery (and, implicitly, not a result of pneumoconiosis). First, Dr. Goldstein's report included the wrong date for Claimant's lung resection surgery and failed to discuss the impact Claimant's lung surgery may have had on Claimant's respiratory condition.  Dr. Goldstein's report also failed to discuss the significance of the non-reversibility of Claimant's condition and of Claimant's post-bronchodilator pulmonary function tests.  Moreover, in the light of the deficiencies in Dr. Goldstein's report, the ALJ acted reasonably in determining that Dr. Goldstein's opinion failed to establish that no part of Claimant's impairment was due to pneumoconiosis.

Because we conclude that the ALJ's decision is both in accordance with the law and supported by substantial evidence, we deny the petition for review.  In addition, we note that the record contains evidence of Claimant's pneumoconiosis. Both Dr. Barney and Dr. Hawkins opined that Claimant's coal dust exposure contributed, at least to some extent, to Claimant's impairments.  Dr. Goldstein also

6

noted pleural abnormalities consistent with pneumoconiosis in Claimant's May 2011 x-ray.

DENIED.