[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15511
Non-Argument Calendar
_____

Agency No. BRB No. 17-0047 BLA


DRUMMOND COMPANY, INC.,

                                             Petitioner,

versus

GARY C. COX,
DIRECTOR, OFFICE OF WORKERS
COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

                                             Respondents.

_____

Petition for Review of a Decision of the
Benefits Review Board
_____

(July 25, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Drummond Company, Inc., petitions for review of a decision affirming an award of benefits to Gary Cox, a former coal miner, under the Black Lung Benefits Act. 30 U.S.C. §§ 901–44. Drummond Company argues that Cox's claim for benefits in 2013 was untimely because he received notice from his treating physician in 2004 or 2005 that he was totally disabled due to his pneumoconiosis. We deny the petition.

In 2013, Cox filed a second application for benefits under the Black Lung Act, after having abandoned an earlier application. Drummond conceded that Cox suffered from pneumoconiosis caused by his work as a coal miner and that he was totally disabled due to pneumoconiosis, but the company argued that Cox's application was untimely.

Drummond appealed a preliminary determination by the Deputy Director of the Office of Workers Compensation Programs that Cox was eligible for benefits, but an administrative law judge also ruled in Cox's favor. The administrative law judge held an evidentiary hearing and determined that Drummond failed to rebut the presumption that Cox's claim was timely.

The administrative law judge found that Cox's treating pulmonologist, Dr. Jan Westerman, diagnosed Cox with pneumoconiosis and advised Cox that he was disabled, but the doctor never told Cox that his disability was connected to his pneumoconiosis. The administrative law judge also found that Cox's deposition

2

testimony was ambiguous and that his testimony during the hearing "merit[ed] little probative weight because it [was] inconsistent, ambiguous, and in response to leading questions."

Drummond appealed, and the Benefits Review Board affirmed. The Board agreed with the finding that Cox's deposition testimony was too ambiguous to establish that he learned he was totally disabled due to pneumoconiosis more than three years before he filed his second application for benefits. The Board also found that "all of the remaining evidence . . . [failed to] establish when [Cox] was told he was totally disabled due to pneumoconiosis."

We review *de novo* the decision of the Benefits Review Board. *The Pittsburg & Midway Coal Mining Co. v. Dir., Office of Workers' Comp. Programs*, 508 F.3d 975, 980 (11th Cir. 2007). When the Board affirms an award of benefits under the Act, that decision is "effectively cloak[ed] . . . with the same deference" owed to the decision of the administrative law judge. *Id.* (quoting *U S Steel Mining Co. v. Director, OWCP*, 386 F.3d 977, 984 (11th Cir. 2004)). "Decisions of the [administrative law judge] are reviewable only as to whether they are in accordance with law and supported by substantial evidence in light of the entire record." *U S Steel Mining*, 386 F.3d at 984. Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

3

The Black Lung Benefits Act requires a miner to file his "claim for benefits . . . within three years after . . . a medical determination of total disability due to pneumoconiosis" has been made. 30 U.S.C. § 932(f). The period of limitations commences running when the medical determination is "communicated to the miner." 20 C.F.R. § 725.308(a). Section 725.308 establishes "a rebuttable presumption that every claim for benefits is timely filed." *Id.* § 725.308(c). "The employer bears the burden of production and persuasion in establishing rebuttal." *Black Diamond Coal Mining Co. v. Benefits Review Bd.*, 758 F.2d 1532, 1534 (11th Cir. 1985). To rebut the presumption, the employer must prove that the miner knew of the medical determination at least three years before he filed his application for benefits. *See Robbins v. Jim Walter Res., Inc.*, 898 F.2d 1478, 1483 (11th Cir. 1990).

Substantial evidence supports the determination that Cox's deposition testimony was inconsistent, ambiguous, and insufficient to prove that Dr. Westerman told Cox that his disability was due to his pneumoconiosis. Cox testified that Dr. Westerman told Cox that he had pneumoconiosis and that he would not "be able to go back to work, not in the dust and all," but advising Cox to seek alternative employment did not communicate to him that he was totally disabled. When Drummond asked Cox if he had been told that he was "totally disabled due to [his] interstitial lung disease due to coal work," Cox responded that

4

"it had to pertain from[ coal dust because] that's what [he] was doing." Cox's response addressed the cause of his pneumoconiosis. The administrative law judge acted in a reasoned manner by finding that Dr. Westerman told Cox that he had pneumoconiosis and that he was disabled, but the doctor did not tell Cox that his disability was due to his pneuoconiosis. *See Bradberry v. Dir., OWCP*, 117 F.3d 1361, 1367 (11th Cir. 1997).

Substantial evidence also supports the determination that Cox's testimony during the evidentiary hearing was too ambiguous to contradict his deposition testimony. That Cox said, "yes," when asked if he had testified during his deposition that Dr. Westerman "told you that you were permanently disabled as a result of your lung disease that you got as a result of your coal mine employment" was confusing because, as the administrative law judge explained, Cox could have been "confirming what Dr. Westerman told him or confirming his belief as to the cause of his disability." The administrative law judge also reasonably found that, when Cox responded to the question, "Do you dispute that testimony," with the answer, "I just said I was disabled," that answer "d[id] not support his earlier [testimony] that Dr. Westerman told him he [was] totally disabled . . . ." And Cox testified that he requested for Drummond to assign him to work outside instead of in the coal mine at the doctor's recommendation and that the doctor did not impose further limitations on his ability to work. Even if we would interpret Cox's

5

testimony differently, that fact would not be sufficient to disturb the administrative law judge's determination that Dr. Westerman did not tell Cox that he was disabled due to his pneumoconiosis. *See Black Diamond Coal Mining*, 758 F.2d at 1534.

There is also substantial evidence to support the administrative law judge's determination that Dr. Westerman did not tell Cox that he was totally disabled. In June 2004, Dr. Westerman recorded in his treatment notes that he told Cox that he had pneumoconiosis, yet he only "recommended [Cox's] removal from the workplace" for 12 weeks. Dr. Westerman's treatment notes in June 2005 state that he diagnosed Cox as being "disabled indefinitely," but those notes do not reflect that he shared the diagnosis with Cox or, even if he did, that he had diagnosed Cox as being totally, as opposed to partially, disabled. And Dr. Westerman testified that he did not "recall placing restrictions on" Cox and had advised Cox "not [to] work in the conditions of the coal mine" and to "stay away from an environment where he would be exposed to coal and rock dust or other breathing irritations." The medical records and Dr. Westerman's testimony did not establish that he told Cox that he was unable to work.

Other evidence in the record supported the determination that Cox timely applied for benefits. In October 2015, Dr. Michael Connolly Jr. diagnosed Cox as totally disabled due to his coal workers' pneumoconiosis. And in 2009, Drummond acknowledged in a written agreement that settled Cox's complaint for state

6

workers' compensation benefits that the "extent of [his] temporary total disability, permanent partial disability, and permanent total disability, if any," was disputed.

Drummond argues that its evidence proved that Cox knew that his total disability was due to pneumoconiosis long before he filed his second application for benefits, but the administrative law judge reasonably reached a contrary conclusion. Cox obtained a certificate of disability from a physician in 2004 stating that Cox had severe lung disease and granulomatous pneumonitis, but the certificate failed to mention either pneumoconiosis or total disability. That Dr. William A. Crunk Jr., a vocational expert, opined in 2006 that Cox's "age, education, work background, [and] breathing impairment with residual shortness of breath and fatigue . . . would [result in] a 100% loss of earning capacity" did not establish that Cox knew the cause of his disability. Evidence that Cox underwent two medical evaluations in 2007 to obtain state workers' compensation benefits, was equally unhelpful to Drummond because both doctors eliminated pneumoconiosis as the cause of Cox's disability. Dr. Jack H. Hassan diagnosed Cox with dyspnea that was multifactorial and found "no evidence of pneumoconiosis" or of a connection between Cox's work in the coal mines and his medical problems, and Dr. Allan R. Goldstein interpreted an x-ray image of Cox's chest as being inconsistent with occupational pneumoconiosis.

We **DENY** the petition for review filed by Drummond.

7