[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11625

Non-Argument Calendar

_____

WARRIOR MET COAL MINING, LLC,

Petitioner,

*versus*

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,
UNITED STATES DEPARTMENT OF LABOR, BENEFITS
REVIEW BOARD,

Respondents,

HERSHELL ROBBINS,

Claimant-Respondent.

_____

Petition for Review of a Decision of the
Benefits Review Board
Agency No. 2023-BRB-0209

_____

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Laboring in coal mines is hard work.  Hershell Robbins knows that well.  After a long career as a miner, he developed a worsening lung condition, so he applied for benefits under a federal statute designed to assist former miners who suffer from pulmonary disease after exposure to coal dust.  An administrative law judge concluded that he was totally disabled due to his lung condition, the mining company had failed to show that coal mining was not at fault, and as a result he was entitled to benefits.  We agree.

**I.**

Robbins worked as a coal miner for over thirty years, ending his physically demanding career at Warrior Met Coal Mining.  He performed jobs such as a rock cutter, a shuttle car operator, a miner helper, and an installer of longwall shielding—all of which he did underground.  These tasks exposed him to coal, rock, and dust

throughout his career.  After experiencing declining health and difficulties breathing, he filed a claim under the Black Lung Benefits Act.  His long mining career and exposure to coal below ground had caused pneumoconiosis—better known as "black lung disease."  Warrior Met Coal, his last employer and the one he argued was responsible for his symptoms, denied that he was entitled to benefits.

The administrative process dragged on for several years.  The parties submitted medical reports from three doctors and presented their evidence to a Department of Labor administrative law judge at a hearing in 2021.  That administrative law judge sided with Robbins.  Because he had established more than the statutorily required fifteen years of coal mining employment and shown that he was totally disabled, the administrative law judge found that the burden shifted to Warrior Met Coal to demonstrate that he did not suffer from pneumoconiosis or that it did not cause his disability.  And Warrior Met Coal failed to rebut the presumption that Robbins suffered from pneumoconiosis that caused total disability.  As a result, the administrative law judge concluded that Robbins was entitled to benefits under the Act.

The Benefits Review Board affirmed.  Now Warrior Met Coal challenges those decisions before this Court as the Circuit where Robbins's injury occurred.

## II.

We review the administrative law judge's decision only to determine whether it was "in accordance with law and supported

4                    Opinion of the Court                    24-11625

by substantial evidence in light of the entire record." *Lollar v. Ala. By-Prods. Corp.*, 893 F.2d 1258, 1261 (11th Cir. 1990). Because this same "deferential standard of review binds both" us and the Benefits Review Board, we review the Board's decision de novo. *Id.* Substantial evidence supports a decision when the relevant evidence is probative enough that "a reasonable mind might accept" it "as adequate to support" that conclusion. *Id.* at 1262–63 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

Federal law provides benefits to coal miners who are "totally disabled due to pneumoconiosis." 30 U.S.C. § 901(a). A miner is entitled to benefits under the Black Lung Benefits Act if he establishes that (1) he has pneumoconiosis, (2) the pneumoconiosis arose out of coal mine employment, (3) he is totally disabled, and (4) the pneumoconiosis contributes to that disability. 20 C.F.R. § 725.202(d); *see also Lollar*, 893 F.2d at 1262. If a miner worked for at least fifteen years underground and has a totally disabling respiratory or pulmonary condition, a presumption arises that he "is totally disabled due to pneumoconiosis." 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b)-(c); *see also Oak Grove Res., LLC v. Dir., OWCP*, 920 F.3d 1283, 1287 (11th Cir. 2019). The employer can rebut this presumption by proving either that the miner did not have pneumoconiosis or that "no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis." 20 C.F.R. § 718.305(d)(1)(i)-(ii).

The administrative law judge "is responsible for making credibility determinations and for weighing conflicting evidence," but her "opinion must show that the determinations are made in a reasoned manner." *Bradberry v. Dir., Off. of Workers' Comp. Programs*, 117 F.3d 1361, 1367 (11th Cir. 1997). If "the parties present conflicting medical opinions," the administrative law judge "must consider the totality of the evidence and make relevant credibility determinations and findings of fact, subject to substantial evidence review by" the Benefits Review Board and this Court. *Pittsburg & Midway Coal Mining Co. v. Dir., Off. of Workers' Comp. Programs*, 508 F.3d 975, 987 (11th Cir. 2007). Because our review is limited to determining whether the administrative law judge's decision was supported by substantial evidence, we only need to find "more than a scintilla" of evidence to uphold her decision. *Lollar*, 893 F.2d at 1262 (quoting *Richardson*, 402 U.S. at 401).

Warrior Met Coal argues that the administrative law judge's decision was not grounded on substantial evidence, she committed procedural errors by failing to discuss some of the evidence questioning Robbins's diagnosis, and she incorrectly weighed the relative credibility of the three medical reports. We have no trouble concluding that Robbins has shown "more than a scintilla" of evidence, so we deny Warrior Met Coal's petition for review. *See Lollar*, 893 F.2d at 1262.

Substantial evidence supported the administrative law judge's findings. Her order considered medical reports from three

doctors. One of those doctors explained that Robbins experienced "black secretions," "shortness of breath with exertion," a cough over "a number of years," and a "smothering sensation when he is flat on his back." Robbins suffered from low blood oxygen and high carbon dioxide when exercising, and a radiologist found "small opacities" in his lungs. Although his history of smoking was "an additional factor," Robbins's "30-year-and-8-month occupational history of exposure to respirable coal and rock dust" could not "be eliminated as a significant contributing and aggravating factor." Two "well-qualified" radiologists concurred that Robbins suffered from coal workers' pneumoconiosis, but one other did not report that diagnosis. The doctor concluded that Robbins was "totally and permanently disabled from a pulmonary capacity standpoint on the basis of the legal diagnosis of coal workers' pneumoconiosis."

These findings adequately support the administrative law judge's finding that Robbins was totally disabled due to his lung condition. And because Warrior Met Coal conceded that Robbins worked in qualifying underground coal mining jobs for at least fifteen years, he was entitled to the presumption that he qualified for benefits. *See* 30 U.S.C. § 921(c)(4). And the administrative law judge's conclusion that Warrior Met Coal failed to rebut that presumption is also supported by substantial evidence.

Warrior Met Coal tries to undercut the credibility of the doctor's report that supported Robbins's diagnosis. It argues that the doctor relied solely on a flawed arterial blood gas test that was

24-11625                Opinion of the Court                7

contradicted by subsequent tests. But that doctor also based his findings on Robbins's physical symptoms, the "black secretions," radiological imaging of his lungs, and his history of "exposure to respirable coal and rock dust." And although the administrative law judge did not reprint the results of all of the arterial blood gas tests in the decision, those reports were not what the administrative law judge grounded the disability finding on. Rather, the medical opinion finding that Robbins was totally disabled due to pneumoconiosis provided the basis for her decision. *See* 20 C.F.R. § 718.204(b)(2)(iv).

Nor does Warrior Met Coal's appeal to reports submitted by two other physicians undermine the administrative law judge's conclusion. One report concluded that Robbins's condition was probably not caused by coal workers' pneumoconiosis and another stated that his condition may not have risen to the severity required for benefits under federal law. But the fact that "a different conclusion might be reached from the same evidence is insufficient reason to overturn the result." *Black Diamond Coal Mining Co. v. Benefits Rev. Bd.*, 758 F.2d 1532, 1534 (11th Cir. 1985). The administrative law judge reasonably gave more weight to the first doctor's report because it was consistent with objective medical testing, accounted for the "black secretions," and recognized the impact of his thirty-year underground mining career. And the administrative law judge partially discounted the credibility of the physician whose report did not find coal workers' pneumoconiosis because that physician did not submit board certifications. *Bradberry*, 117 F.3d at 1367.

Warrior Met Coal's procedural challenges fare no better. Contrary to its assertion that the administrative law judge failed to explain why she gave greater weight to the medical opinion that found that Robbins was totally disabled, she provided ample grounds for that credibility determination. That doctor's opinion was definitive and comprehensive, more fully accounted for Robbins's work history, was the most "well-reasoned," and was "consistent with the weight of the objective medical findings."

★    ★    ★

Because the administrative law judge's conclusions were supported by substantial evidence and Warrior Met Coal has not shown any procedural error, we **DENY** the petition for review.